1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    STEVEN RAY COLLINS and SHARON           No.  2:25-cv-01726-DAD-JDP
      LAVETTE COLLINS,
12
                  Plaintiffs,
13
                                              ORDER DENYING PLAINTIFFS' MOTION
            v.                                FOR A TEMPORARY RESTRAINING
14                                            ORDER/INJUNCTIVE RELIEF
      WELLS FARGO HOME MORTGAGE, et
15    al.,                                    (Doc. No. 2)

16                Defendants.

17

18          This matter came before the court on June 25, 2025 for hearing on plaintiffs' motion for

19    injunctive relief (the "motion for temporary restraining order").  (Doc. Nos. 2, 6.)  Plaintiffs

20    Steven Ray Collins and Sharon Lavette Collins appeared at that hearing on their own behalf,

21    proceeding *pro se*.  For the reasons explained below, plaintiffs' motion for temporary restraining

22    order will be denied.

23          On June 18, 2025, plaintiffs filed their complaint in this case against defendants Wells

24    Fargo Home Mortgage, Wells Fargo and Company, and Wells Fargo N.A.  (Doc. No. 1.)  In their

25    complaint, plaintiffs allege that they took out loans—which were acquired by defendants—to

26    construct a house at 5543 Danjac Circle in Sacramento, California.  (*Id.* at ¶¶ 46, 50.)  Although

27    somewhat difficult to decipher, plaintiffs appear to assert that defendants violated the Fair

28    Housing Act ("FHA") in various respects as a result of their conduct in connection with those

                                                    1

1    loans.  (*Id.* at 22–29.)  As they clarified at the hearing on the pending motion, one of plaintiffs'

2    many claims related to these loans is that on or about September 21, 2023, defendants refused to

3    accept a full tender of their outstanding loan amount due to discriminatory reasons.  (*Id.* at 9–11.)

4    Plaintiffs allege that they had acquired the full amount due on their loan to defendants through a

5    separate loan from an entity called Omni Funding.  (*Id.* at 10.)

6        Plaintiffs have previously sought relief from this court regarding these same loans from

7    these same defendants.  *See Collins v. Wells Fargo & Co.*, No. 2:23-cv-02676-DAD-CSK, Doc.

8    No. 1 (Nov. 15, 2023).  Defendants filed a motion to dismiss to dismiss that earlier case.  *Collins*,

9    Doc. No. 9.  In findings and recommendations addressing that motion to dismiss, the assigned

10    magistrate judge found that plaintiffs had asserted "62 causes of action in [their] federal

11    complaint" which pertained to "a variety of violations of the [FHA] . . . in relation to the loan

12    modification requests, pre-foreclosure conduct[,] and bankruptcy proceedings."  *Collins v. Wells*

13    *Fargo*, No. 2:23-cv-02676-DAD-CSK, 2024 WL 3833342, at *3 (E.D. Cal. Aug. 15, 2024).

14    Among those claims, the assigned magistrate judge identified that plaintiffs had alleged that

15    defendants had "denied a reasonable request for a loan pay off to stop [Plaintiffs'] home from

16    actions of foreclosure and bankruptcy."  *Id.*  A review of that complaint shows that plaintiffs had

17    alleged in their prior federal action filed in this court that defendants had violated the FHA by

18    refusing to accept a full payoff on September 21, 2023.  *Collins*, Doc. No. 1 at 114.  The assigned

19    magistrate judge in that previous federal action concluded that all of plaintiffs' claims were

20    barred by *res judicata* based upon the July 30, 2020 judgment entered by the Sacramento County

21    Superior Court in favor of defendants and against plaintiffs in a case in which plaintiffs had

22    challenged the foreclosure proceedings on these same loans.  *Collins*, 2024 WL 3833342, at *3–4.

23    On September 11, 2024, the undersigned adopted those findings and recommendations and

24    dismissed plaintiffs' prior federal action.  *Collins v. Wells Fargo & Co.*, No. 2:23-cv-02676-

25    DAD-CSK, 2024 WL 4151339, at *1 (E.D. Cal. Sept. 11, 2024).  On September 16, 2024,

26    plaintiffs filed a notice of appeal from the dismissal order and that appeal remains pending before

27    the Ninth Circuit.  *Collins*, Doc. No. 25; *see also Collins v. Wells Fargo & Co.*, No. 24-5784.

28    /////

1    The standard governing the issuing of a temporary restraining order is "substantially

2    identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v.*

3    *John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for

4    preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the

5    merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

6    balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans,*

7    *Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council,*

8    *Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th

9    Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just

10    possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los*

11    *Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must

12    make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127,

13    1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is

14    appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were

15    raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation

16    omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v.*

17    *City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co.*

18    *v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than

19    merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate*

20    immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an

21    injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the

22    plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

23    The likelihood of success on the merits is the most important *Winter* factor. *See Disney*

24    *Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiffs bear the burden of

25    demonstrating that they are likely to succeed on the merits of his claims or, at the very least, that

26    "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

27    At the June 25, 2025 hearing on the pending motion for a temporary restraining order, the

28    court asked plaintiffs why they believed their claims brought in this second federal action were

3

1    not also barred by *res judicata* in light of their prior federal case which was dismissed by the

2    court.  Plaintiffs argued at that time that they had alleged a different cause of action than

3    presented in their prior federal case, because they were now arguing that defendants had

4    improperly denied their attempt to fully pay off their loans.  At the hearing, the court expressed

5    skepticism that this claim was distinct from their prior claims or that the court would have subject

6    matter jurisdiction over the purported new claim plaintiffs described.  The court observed that

7    plaintiffs were now suggesting that they had acquired sufficient funds for a payoff from a loan

8    through Omni Fund, but had only attached to their complaint a "prequalification loan letter" as

9    supporting documentation.  (Doc. No. 1 at 33.)  That prequalification loan letter stated that

10   plaintiffs were "pre-approved" for a loan "*pending payoffs from the IRS, liens[,] and mortgage*."

11   (*Id.*) (emphasis added).  That prequalification loan letter also did not state the amount of the loan

12   plaintiffs were attempting to secure nor that the amount would be sufficient to fully payoff the

13   outstanding loan balance to defendants.  Accordingly, and out of an abundance of caution, the

14   court directed plaintiffs to file a supplement to their pending motion including loan

15   documentation demonstrating that they had sufficient funds to fully payoff their loans to

16   defendant in September 2023 and had tendered the full amount due to the defendants.  (Doc. No.

17   6.)

18          On June 26, 2025, plaintiffs filed a seventeen page amended supplement to their pending

19   motion.[1]  (Doc. No. 7.)  Among the various arguments advanced and documents submitted,

20   plaintiffs' supplement includes a new letter from Omni Fund to plaintiffs dated September 20,

21   2023, purporting to show that plaintiffs were pre-approved for a loan of approximately $560,000

22   to close on September 29, 2023 should Omni Fund "receive all demands in by 9/20/2023[.]"  (*Id.*

23   at 7.)  However, this documentation does not demonstrate that plaintiffs possessed tender which

24   defendants refused to accept.  Rather, the letter only indicates that plaintiffs may have been able

25   to acquire a loan which could serve as tender if certain conditions were met.  (*Id.*) ("Your loan is

26

27   _____

     [1]  The court had requested that plaintiffs provide documentation supporting their assertion that
     they had tendered payment in full of the amount due to defendants and the latter had refused to
28   accept payment.

                                                      4

1    Pre-Approved pending payoffs from the IRS, liens[,] and mortgage.").  Therefore, this additional

2    evidence does not address the concern the court raised at the June 25, 2025 hearing regarding

3    whether plaintiffs had tendered payment of the outstanding loan amount in full in September

4    2023 as is required.  *See Safi v. Bank of Am., N.A.*, No. 2:12-cv-02280-JAM-AC, 2013 WL

5    5587577, at *4 (E.D. Cal. Oct. 10, 2013) (finding that the plaintiff had not alleged that she had

6    exercised a right of redemption through tender of the full amount of a mortgage because she did

7    not allege making any actual payments to the defendants) (citing *Gaffney v. Downey Sav. & Loan*

8    *Ass'n*, 200 Cal. App. 3d 1154, 1165 (1988)).  Other documents now submitted by plaintiffs

9    suggest that between September 13 and September 20, 2023, they were attempting to convince

10    defendants to postpone a scheduled foreclosure sale at that time to allow them time to secure from

11    Omni Fund a "letter of prove [sic] of funds" and a "balance letter of approval outlining a date of

12    closing of refinancing on bank lender's letterhead."  (*Id.* at 8, 10–12.)  None of the letters referred

13    to by plaintiffs in their requests to defendants have been provided to the court in support of their

14    pending motion.  It is not unreasonable to infer that this is because no such proof of funds or final

15    approval letters were issued.  Finally, the court notes that at the hearing on the pending motion

16    when questioned as to the current status of the September 2023 Omni Fund loan to them,

17    plaintiffs claimed to have no knowledge of its current status.

18         For the reasons explained above and on the record at the hearing, the court concludes that

19    plaintiffs have not demonstrated a likelihood of success on the merits nor raised serious questions

20    going to the merits of their claims.  Accordingly, the court need not consider the other *Winter*

21    factors.  *Disney Enters.*, 869 F.3d at 856 (9th Cir. 2017) ("Likelihood of success on the merits is

22    the most important *Winter* factor; if a movant fails to meet this threshold inquiry, the court need

23    not consider the other facts in the absence of serious questions going to the merits.") (internal

24    quotation marks and citations omitted).

25    /////

26    /////

27    /////

28    /////

For the reasons explained above, plaintiffs' motion for temporary restraining order (Doc. No. 2) is DENIED.

IT IS SO ORDERED.

Dated:    **July 1, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

6