UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RAY COLLINS, *et al.*, | Case No.  2:25-cv-1726-DAD-JDP (PS) |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| WELLS FARGO AND COMPANY, *et al.*, | |
| Defendants. | |

Plaintiffs brought this action alleging that the Wells Fargo defendants (collectively "Wells Fargo") violated their rights under the Fair Housing Act ("FHA") in connection with a foreclosure on their residential property.  Wells Fargo argues that this action should be dismissed because plaintiffs have already litigated claims related to the same property and foreclosure in a separate case.  That case was decided in favor of Wells Fargo, which now argues that claim preclusion bars plaintiffs' claims.  I agree and recommend that the motion to dismiss be granted.

## I.    Legal Standards

A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

1

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

## II.      Analysis

As Wells Fargo argues, claim preclusion applies, and plaintiffs' claims should be dismissed on that basis. It points to a previous lawsuit filed by plaintiff against Wells Fargo—*Steven Ray Collins, et al. v. Wells Fargo*, No. 2:23-cv-2676-DAD-CSK—where similar claims against it were dismissed.[1] "Under the doctrine of claim preclusion, a final judgment on the merits in a case precludes a successive action between identical parties or privies concerning the same claim or cause of action." *Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 689 (9th Cir. 2019) (internal quotation marks omitted). "[R]es judicata bars not only all claims that were actually litigated, but also all claims that 'could have been asserted' in the prior action." *Int'l Union of Operating Engineers-Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (citing *McClain v. Apodaca*, 793 F.2d

---

[1] Court documents from that case have been docketed, ECF No. 10, and Wells Fargo requests that I take judicial notice of them. I will do so; it is appropriate to take judicial notice of court records from other proceedings. *See Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002) ("We take judicial notice of the California Court of Appeal opinion and the briefs filed in that proceeding . . . .").

1031, 1033 (9th Cir. 1986)).  The doctrine applies "where the earlier suit (1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Save the Bull Trout v. Williams*, 51 F.4th 1101, 1107 (9th Cir. 2022).  Those elements are met here.

As to the first element, both suits involve the same claims.  In a prior ruling in this case, the district judge noted, after a hearing, that plaintiffs' claims in this case stem from actions allegedly taken by Wells Fargo regarding loans used to construct a house at 5543 Danjac Circle in Sacramento, California.  ECF No. 8 at 1-2.  The previous case, No. 2:23-cv-2676-DAD-CSK, also concerned those loans.  *See* ECF No. 10 at 46-47; 65-71.  Indeed, plaintiffs' claims in the earlier case were dismissed as barred by *res judicata* because they had previously been litigated in state court.  *Id.* at 52-54; ECF No. 8 at 2.  And plaintiffs' opposition has not provided any substantive argument that the claims raised in this case are materially distinct.

As to the second element, the motion to dismiss that decided the earlier federal case counts as a judgment on the merits because it dismissed the claims with prejudice.  ECF No. 10 at 337-338; *see Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits.").[2]

And, lastly, there can be no serious argument that the cases do not involve identical parties.  Thus, plaintiffs' claims are precluded by the previous litigation, and Wells Fargo's motion to dismiss should be granted.  In so recommending, I find it unnecessary to address the other arguments raised by Wells Fargo in its motion to dismiss.

Accordingly, it is RECOMMENDED that

1. Defendants' motion to dismiss, ECF No. 9, be GRANTED.

2. Plaintiffs' complaint be DISMISSED without leave to amend.

3. The Clerk of Court be directed to close the case.

---

[2] That judgment is final even where, as here, plaintiffs' appeal is ongoing.  *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 928 (9th Cir. 2006).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.


Dated:    February 6, 2026                      _____
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE

4